**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7249
Facsimile: (866) 431-3292

Attorneys for Plaintiffs
Justin Evans and Cristina Wiseman
Additional Attorney for Plaintiffs on Signature Page

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUSTIN EVANS and CRISTINA WISEMAN, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CREDIT CONTROL, LLC,**<br><br>**Defendant.** | Case No.: __'17CV1350 CAB JLB__<br><br>CLASS ACTION<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF:<br><br>I. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.<br><br>II. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.<br><br>JURY TRIAL DEMANDED |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Justin Evans ("Evans") and Cristina Wiseman ("Wiseman") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Credit Control, LLC ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, in violation of Federal and State debt collection laws.

///

4. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("RFDCPA").

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district and is located within this judicial district as well.

## PARTIES

12. Plaintiffs are natural persons who reside in the County of San Diego, State of

California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are "debtors" as that term is defined by California Civil Code § 1788.2(h).  In addition, Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

13. Plaintiffs are informed and believe, and thereon allege, that Defendant is a limited liability company registered in the state of Missouri with its principal place of business in Missouri.

14. Plaintiffs are informed and believe, and thereon allege, that Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

**FACTUAL ALLEGATIONS**

16. At all times relevant, Plaintiffs are and were individuals residing within the State of California.

17. Sometime prior to April 2016, Evans and Wiseman incurred financial obligations to Capital One, N.A. for personal credit cards.

18. These alleged financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S. Code § 1692a(5) and California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code

§1788.2(f).

19. Sometime thereafter, Plaintiffs allegedly fell behind on payments owed on the alleged debts.  Plaintiffs dispute the validity of the debts.

20. As a result, on or around February 3, 2017 and May 31, 2017, Evans and Wiseman, respectively, received debt collection letters from Defendant by U.S. mail in attempt to collect the debt.

21. The debt collection letters stated;

> "From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law."  Where "collected information" is defined in the debt collection letter as the collection of "the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings."

22. Defendant listed as "Sherman Companies" the following companies: (a) Resurgent Capital Services, L.P., (b) Sherman Acquisition LLC, (c) LVNV Funding LLC; (d) PYOD, LLC, (e) Anson Street, LLC, (f) Ashley Funding Services, LLC, (g) SFG REO, LLC, and (h) Pinnacle Credit Services LLC.

23. The FDCPA and RFDCPA strictly prohibit sharing information about a consumer with any third parties without a prior consent of the consumer, express permission of a court. *See* 15 U.S.C. § 1692c(b); Cal. Civ. Code § 1788.17.

24. A debt collector may only share information about debt with the consumer, his attorney, a consumer reporting agency, attorney of the creditor, or the attorney of the debt collector. *See* 15 U.S.C. § 1692c(b); Cal. Civ. Code § 1788.17.

25. Therefore, the sharing of information with third parties, absent consumer's express consent, is absolutely restricted and prohibited by law.

26. Defendant's sharing of the information with "Sherman Companies" is in violation of *See* 15 U.S.C. § 1692c(b) and Cal. Civ. Code § 1788.17.

27. Defendant threatened to share Plaintiffs' personal information in violation of 15 U.S.C. § 1692e(5) which is also incorporated into the RFDCPA by Cal. Civ. Code § 1788.17 and states;

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The threat to take any action that cannot legally be taken or that is not intended to be taken."

28. Through this conduct, Defendant also violated 15 U.S.C. § 1692gd and Cal. Civ. Code § 1788.17 through incorporation by using harassing and abusive means to collect debt in publishing information about consumers with its affiliates.

29. Defendant used unfair or unconscionable means to collect or attempt to collect a debt.   Consequently, Defendant violated 15 U.S.C. § 1692f too. These FDCPA  sections are is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

### CLASS ALLEGATIONS

30. Plaintiffs bring this action on behalf of themselves individually, and on behalf of all others similarly situated ("the Class").

31. Plaintiffs define Class as:

> (i) all persons with addresses within the State of California; (ii) who were sent one or more collection letter(s) by Defendant; (iii) that were substantially similar to the letter Defendant sent Plaintiffs; (iv) to recover a consumer debt; (v) which was not returned undeliverable by the United States Postal Service; (vi) at any time one year prior to the date of the filing of this Action.

32. Defendant and its employees or agents are excluded from the Class.

33. Plaintiffs doe not know the exact number of persons in the Class, but believe them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

34. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

35. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class.  The questions of law and fact common to the Class predominate over questions affecting only individual Class Members, and include, but are not limited to, the following:

    a. Whether Defendant violated the FDCPA as described herein;

    b. Whether Defendant violated the RFDCPA as described herein;

    c. Whether members of the Class are entitled to the remedies under the FDCPA;

    d. Whether members of the Class are entitled to the remedies under the RFDCPA;

    e. Whether members of the Class are entitled to declaratory relief;

    f. Whether members of the Class are entitled to injunctive relief;

    g. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;

    h. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDPCA;

i.  Whether Defendant satisfies Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the FDCPA; and,

j.  Whether Defendant may satisfy Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the RFDCPA.

36. Plaintiffs will fairly and adequately protect the interest of the Class.

37. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

38. Plaintiffs' claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

39. A class action is a superior method for the fair and efficient adjudication of this controversy.

40. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

41. The interests of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and the RFDCPA is $1,000.00 per statute.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

42. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

43. Plaintiffs contemplate providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

44. Plaintiffs request certification of a class for monetary damages and injunctive relief.

## COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

45. Plaintiffs incorporate by reference all of the above paragraphs of this

Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

47. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code § 1788, et seq.

48. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

50. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); cumulative statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

- That this action be certified as a class action on behalf of the Class and Plaintiffs be appointed as the representative of the Class;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually; and,
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Dated: July 6, 2017                              Respectfully submitted,

                                         **HYDE & SWIGART**

                                         By:  s/ Joshua B. Swigart
                                         Joshua B. Swigart, Esq.
                                         josh@westcoastlitigation.com

Additional attorney for Plaintiffs;
**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523